**C. J. D. RUDOLPH et ux.**

v.

**UNITED STATES of America.**

**Civ. No. 8317.**

United States District Court
N. D. Texas,
Dallas Division.

Sept. 21, 1960.

Felix Atwood and David P. Smith of Turner, White, Atwood, McLane & Francis, Dallas, Tex., for plaintiff.

W. B. West, III, U. S. Atty., Ft. Worth, Tex., and W. E. Smith, Asst. U. S Atty., Dallas, Tex., for defendant.

DAVIDSON, District Judge.

This is an action by the plaintiffs to recover $126.90 in income taxes and $10.-19 of interest, together with interest on such sum. Plaintiffs were assessed and paid such amount and bring this suit to recover the payment so made.

The deficiency in such amount was assessed on the theory that the $560 admitted value of an all expense paid trip from Dallas, Texas to New York City, taken by the plaintiffs, husband and wife, in 1956, and paid for by the Southland Life Insurance Company, was includible in the income of the plaintiffs, and as a personal expense was not deductible by them as an ordinary and necessary business expense. Plaintiffs contend that the value of such trip was not income to them, and even if it were, that they are entitled to deduct its value as an ordinary and necessary business expense. Plaintiff, C. J. D. Rudolph is an insurance agent selling for Southland. He qualified to attend Southland's convention in New York City and also to take his wife along by virtue of selling the requisite amount of insurance as determined by Southland. The convention trip consumed five or six days. Of this time, one morning session was devoted to a business meeting, followed by a business luncheon. The remaining time was devoted to travel, sightseeing, entertainment, fellowship or free time.

There are certain well settled propositions of law we might gather our

**4**

thoughts and reasons from. One is that a bonus paid to an employee is part of his income, just like a tip paid to a waitress is part of her income.

■ It is likewise a well settled proposition of law that an employer may assemble his employees for the purpose of training and instructing them, and the expenses that he goes to or to reimburse them for the expense they went to in coming to the meeting is a legitimate expense of the company, and no gain to the employee in a monetary way.

Now the reasoning from these two propositions—let us see what is true here.

■ The recent Alabama case, Thomas v. Patterson, D.C.N.D.Ala., 189 F. Supp. 230, was for attending a convention at Fort Monroe in Virginia. It does not appear where the office of the company is—the insurance company—it does not appear where the territory of the company is. So far as the information is concerned, much of its business might be around and about Fort Monroe. Therefore, selection of that place would be in line with ordinary business economy. In any event, we are concerned with whether plaintiffs in this case must include the value of the trip in their income and if so, whether or not they are entitled to a business expense deduction. We are not concerned with the deductibility of the convention's cost by the insurance company. It is the purpose of the convention to the taxpayers which governs our action, not the purpose of the insurance company in holding them.

■ We will assume that the company here has a larger part of its business in Texas and adjoining states. Primarily, the place of the home office would be the place where the agents would be called to as a *business* proposition to receive instructions and to be taught.

Suppose there was a lot of business down and around San Antonio. To break the monotony to a degree, the convention might be held in San Antonio, or in Houston, or might be held in Oklahoma City. But what business reason is there for holding a convention in a place as far away as New York; and certainly, what business reason is there for holding a convention in Havana, Cuba. It was not held down there for educational purposes in insurance.

Assume that it was to a degree; what was the primary purpose of the trip: It was a reward, or a bonus given to the employees for excellence in service. If it was purely educational, it might be held here in Dallas and those who did not attain such a high rating might have the benefit of the program at the convention.

All of the evidence considered, we think it irrefutably leads to this conclusion: That the insurance company was just doing a gracious magnanimous thing of awarding those leading agents a trip just as much as if it had awarded them an automobile, or suit of clothes; similarly the plaintiff and the other leading agents of Southland were awarded this trip to New York, and the trip to New York cost Southland $80,000.

The Court's conclusion is that the holding of these conventions generally, and especially the holding of them at remote places, have the primary purpose of affording a pleasure trip which the agent himself, to enjoy, would have paid out of his own funds if the Company had not given it to him, which is in every way in the nature of a reward that would be a bonus.

Suppose they had offered it to a man in this manner: At the first of a given period, let's say the first of the year, to all those that write over $100,000 insurance, let's say, will either give you a free trip to Paris, France, or we will give you a bonus of $500. You can exercise your choice; either one would have been a bonus. The primary purpose of it was not to educate insurance men in Paris; the primary purpose of it was to hold out an alluring reward to make them work harder. It was part of their service.

Therefore, we conclude, that the trip was earned by the plaintiff, C. J. D. Rudolph, and was in the nature of a

bonus, reward, and compensation for a job well done. As compensation, the $560 value of the trip of the husband and wife was properly included in the income of plaintiffs for the year 1956.

Further, since the trip was primarily a pleasure trip in the nature of a vacation, its cost is personal to the husband and wife and therefore not deductible by them.

Recovery for the plaintiffs will be denied for the reasons above stated.